Jeff Price  SBC No. 165534
1335 4TH STREET
SANTA MONICA, CALIFORNIA 90401
TEL.  310.776.8650
FAX  310.728.1705
jeff.price@mac.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANIEL POLLOCK,

        Plaintiff,

        vs.

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT,
COUNTY OF LOS ANGELES,
LEE BACA, MARVIN O.
CAVANAUGH, DENNIS H.
BURNS, ALEXANDER YIM,
DENNIS A. CONTE, SAMMY L.
JONES, DON RODRIGUEZ,
CAPT. ANTHONY WARD,
DETTA ROBERTS, MARC
KLUGMAN, DR. JOHN H.
CLARK, CAPT. ROD PENNER,
KENNETH J. BRAZILE, JOHN
DOE and TEN UNKNOWN
NAMED DEFENDANTS,
inclusive,

        Defendants.

**CV08-08002** SVW (SSx)

COMPLAINT

1.  Deprivation of Civil Rights
2.  Conspiracy to Deprive Civil Rights
3.  Deprivation by Supervisors of Civil Rights
4.  Deprivation of Civil Rights under *Monell*, 42 U.S.C. § 1983, Civ. Code § 52.1
5.  Conspiracy to Deprive Civil Rights, 42 U.S.C. § 1983
6.  Deprivation of Civil Rights, 42 U.S.C. § 1983
7.  Deprivation of Civil Rights under *Monell*
8.  Deprivation by Supervisors of Civil Rights
9.  Deprivation of Civil Rights under *Monell*
10. Conspiracy to Deprive Civil Rights, CC 52.1
11. Medical Negligence
12-16.  Battery, False Imprisonment etc.
17. Negligence
18. Deprivation of Civil Rights, 42 U.S.C. § 1985

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

    1.    This is an action for redress for deprivations of constitutional rights under 42 U.S.C. § 1983 *et seq.* and under California law, and the jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**PARTIES**

2.      Plaintiff Daniel Pollock, who makes this complaint, was an inmate at Twin Towers Correctional Facility I [TTCFI] or within the custody of the Los Angeles County Sheriff's Department [LASD] at all times herein alleged.

3.      Plaintiff complied with state tort claim procedures, Gov. C. 910 etc.

4.      Defendants, including but not limited to the Lee Baca ("BACA"), John Doe ("DOE") and Richard Roe ("ROE") were employed by the County of Los Angeles within the Los Angeles County Sheriff's Department ["LASD"].

5.      Marvin O. Cavanaugh ("CAVANAUGH") was Assistant Sheriff in charge of overseeing the jails of the LASD and a policymaker and supervisor.

6.      Dennis H. Burns ("BURNS") was Chief of the Custody Operations Division, ALEXANDER YIM ("YIM") was Chief of the Correctional Services Division, Dennis A. Conte ("CONTE"), Sammy L. Jones ("JONES"), and Don Rodriguez ("RODRIQUEZ"), were Commanders of the Custody Operations Division, Capt. Anthony Ward ("WARD") was the head of Twin Towers Correctional Facility [TTCF], MARC KLUGMAN, and DETTA ROBERTS ("KLUGMAN" and "ROBERTS", respectively) were Commanders of the Correctional Services Division, Capt. Rod Penner ("PENNER") was the head of the Medical Services Bureau [MSB], and Dr. John H. Clark ("CLARK") is the chief medical officer of the MSB and LASD, and all are policymakers and supervisors.

7.      Defendant Lee Baca ("BACA") was at all material times a California police officer employed by the County of Los Angeles as Sheriff and the legal head and policymaker for the County of Los Angeles Sheriff's Department at all times during which time incidents occurred resulting in the deprivation of Plaintiff's constitutional rights, which are collectively and/or individually referred to herein as the INCIDENT, and was also both an individual and a supervisorial defendant.

8. Defendant Richard Roe was at all material times a supervisor of the individual police officers involved in the seizure and beating of plaintiff described herein.

9. The County of Los Angeles and the Los Angeles County Sheriff's Department are governmental entities.

10. The County of Los Angeles defendants include all of the individual defendants named herein, the County of Los Angeles, the Los Angeles County Sheriff's Department, and the Office of the District Attorney for the County of Los Angeles.

11. Defendants County of Los Angeles and the Los Angeles County Sheriff's Department were at all times alleged herein an unincorporated association and or a California governmental entity charged with and responsible for appointing and promoting, the employees of the County of Los Angeles, and for the supervision, training, instruction, discipline, control and conduct of said employees. At all times alleged herein defendant LASD had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the municipality.

12. At all times alleged herein defendant County of Los Angeles and the LASD had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the municipality.

13. The unknown named defendants include unknown named sergeants and lieutenants who acquiesced in the assault and battery of and use of excessive force against Plaintiff, as is described below, unknown named lieutenants who

approved of the assault and battery of Plaintiff, and unknown named defendants who participated in the conspiracy to assault and batter Plaintiff as a form of punishment, and deprivation of Plaintiff's constitutional and human rights, and unknown named employees of the County of Los Angeles and the LASD who were policymakers who created, fostered, acquiesced, ratified and/or maintained the policies, customs and/or practices that caused the deprivation of Plaintiff's constitutional rights.

14.    Plaintiff is ignorant of the true names and capacities of those defendants named as Unknown Named Defendants or "Does" or "Roes", but alleges that each such defendant was in some intentional or grossly negligent manner responsible for his injuries. Plaintiff will amend this complaint to allege the true names and capacities of said defendants when they become known.

15.    Defendants, and each of them, did the acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

16.    Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

17.    Plaintiff has imprisoned and under a disability continuously since October 28, 2007.

18.    At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

## **FACTS COMMON TO ALL COUNTS**

19.    Each and every allegation set forth in each and every averment of this complaint hereby is incorporated by this reference in each and every other averment and allegation and Count of this complaint.

20.    The Plaintiff previously was deprived of interests protected by the Constitution and/or laws of the United States of America and the State of California, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

21.    All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in his/her official capacity, were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard for the rights of each Plaintiff and others.

22.    Any governmental entity defendant, policymaker, and/or supervisory official, including, but not necessarily limited to Sheriff Baca, John Doe and Richard Roe, knowingly, or grossly negligently, or with deliberate indifference to the constitutional rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, acquiesced in, ratified, took no action to correct, an official policy, practice, or custom of permitting the occurrence of the type of wrongs set forth in this complaint, and/or improperly, inadequately, or with deliberate indifference to the constitutional rights of persons, grossly negligently, or with reckless disregard for constitutional rights, failed properly to train, to supervise, to retrain, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this complaint against the police, including, but not limited to, the failure to train, to supervise, to retrain, to monitor and to take corrective action with respect to the failure to enforce the law of the State of California, the unconstitutional enforcement of local ordinances and statutes, and the enforcement of unconstitutional ordinances and statutes, so that each one of them is liable legally for all injuries and/or damage and damages sustained by the Plaintiff pursuant to the legal principles set forth in *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), *Heller v. Bushey,* 759 F.2d 1371 (9th Cir. 1986), *cert. granted and rev'd on other grounds sub nom. City of Los Angeles v. Heller,* 106 S.Ct. 1573 (1986), and

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 9040
310.776.8650

*Larez v. Gates,* 946 F.2d 630 (9th Cir. 1991), the content of all of which is incorporated herein by this reference. All policymaker/supervisorial defendants are sued on these theories both in their individual/personal capacities as well as in their official capacities. The term "policymaker/supervisorial defendants" as used herein includes persons and/or entities who are not alleged to have been physically at the scene of the actual incidents and succeeding events set forth in this complaint. It is also alleged that prior failures to investigate and to discipline the police misconduct in this case all make the policymaker/supervisorial defendants liable in this case.

23.    [Reserved]

24.    The INCIDENT is the series of events and circumstances that occurred on or about October 28, 2007, and thereafter, as more fully described in this pleading.

25.    When Plaintiff was an inmate at Twin Towers Correctional Facility [TTCF] 241A during pill call plaintiff was talking to a female asian nurse about his amoxycilin and asked the nurse of the medication would adversely affect his immune system when a male white deputy, John Doe, said to him twice: you're holding up the freaking pill call line.

26.    Plaintiff said that he was not holding up the pill line and the deputy said in a rude, angry and aggressive voice "who the fuck do you think you're talking to?"

27.    Plaintiff answered that he was talking to the nurse and the deputy, John Doe, said "shut the fuck up."

28.    Plaintiff said to the deputy that he did not need to speak like that, after which the deputy told plaintiff to put his hands in his pockets "when you're talking to me."

29.    Plaintiff complied, after which the deputy, John Doe, defendant, precipitously assault plaintiff, grabbing him and yanked him out of the day room

into the entryway and commenced brutally, maliciously, viciously and sadistically beating and battering plaintiff and forcing him to the floor like an animal.

30.     Several deputies and/or correctional assistants rushed to the scene, and joined in the unreasonable, merciless, vicious, shocking, sadistic beating and thrashing of the Plaintiff as they and defendant John Doe proceeded to beat and flog plaintiff.

31.     As the deputies were beating plaintiff at least one of them yelled to a nurse to "get the fuck back."

32.     The deputies then handcuffed plaintiff after the initial assault and continued to batter him; they then yanked him up by the handcuffs, causing claimaint to suffer additional pain and suffering.

33.     Plaintiff was in shock during and after the beating.

34.     Plaintiff never resisted.

35.     This (described above) was witnessed by numerous witnesses.

36.     The deputies then took plaintiff to a rec room and continued beating him with the handcuffs on.

37.     A male Sergeant to whom the deputies brought plaintiff conversed with plaintiff out of earshot of the deputies and asked plaintiff what happened.

38.     Plaintiff began to explain what happened and the Sergeant interrupted plaintiff and told plaintiff that that is why plaintiff should just always listen to the deputies.

39.     The Sergeant and some deputies then took plaintiff to a clinic.

39a.     and cleaned him up and then took out a videocamera and told plaintiff to state what happened.

40.     Plaintiff was then taken to a room and then to the hospital, from which he was returned the next day.

41.     The deputies then took plaintiff to "Sergeant's Court" to cover up their wrongdoing and put plaintiff in the "hole" for about 7 days.

42.     Plaintiff was then taken to the hospital and underwent surgery.

42a.   After he was returned to jail from surgery, which the LASD had delayed deliberately, plaintiff was interviewed by a Sergeant who was allegedly from Internal Affairs.

43.   As a result of the beating and the negligent medical attention that plaintiff received, plaintiff almost lost his eye, has permanent damage to his eye, is cross-eyed, has terrible headaches, and has permanent physical, emotional and mental injury, and may lose his eye yet.

44.   The medical attention provided by defendants LASD, the Sheriff, the Chief Medical officer for LASD, and the unknown physicians and nurses who attended to plaintiff was below the standard of care; plaintiff should have been operated on immediately after having been assaulted and beaten, but was returned from the hospital.

45.   Plaintiff should not have been released from the hospital and transported back to jail on October 29, 2007, but should have remained at the hospital upon admission.

46.   Plaintiff exercised his right to free speech and was attacked for doing so.

47.   BACA and the LASD and the LASD en masse have and maintain and enforce a policy of discriminating against inmates who exercise their right to free speech by creating a climate of fear and oppression to squelch speech.

48.   BACA and the LASD and the LASD en masse have and maintain and enforce a policy of discriminating against inmates who exercise their right to free speech by using force and excessive force against any inmate who exercises the right to free speech for any reason.

49.   BACA and the LASD and the LASD en masse have and maintain and enforce a policy of discriminating against inmates who exercise their right to free speech by using other inmates, including "shot-callers", including Mexican Mafia shot-callers and other prison gang affiliated shot-callers to impose control over other inmates through the use of fear, deprivation of use of telephones and

televisions, threats of exposure of personal information such as the criminal charges they are facing, defamation of character (*e.g.,* labeling an inmate as a "child-molester"), force, criminal threats (*see,* California Penal Code § 422), homicides etc.

50.    [Reserved]

51.    Defendants later orchestrated the concealment and suppression of exculpatory evidence by deliberately intimidating and tampering with witnesses, falsifying reports and other records, lying to and concealing evidence from superiors and others, making up false allegations and aspersions against plaintiff, fabricating probable cause and perpetrating the code of silence throughout the criminal enterprise called the Los Angeles County Sheriff's Department, in addition to acting in concert to prevent the existence of any real grievance process by destroying inmate complaints, conspiring with inmates to intimidate inmates from submitting inmate complaints, depriving inmates of inmate grievance forms, in order to deprive inmates of due process of law and access to courts by means of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

52.    Defendants later produced false police reports falsifying the account of the incident, in a conspiracy in order to engender the prosecution of Plaintiff in order to, *inter alia,* shield themselves from criminal and civil liability for violating the laws of the State of California and the United States of America and the civil rights of the Plaintiff, and to foster and nurture the endemic "code of silence" that is used by the defendants, BACA, and other, senior LASD personnel, to operate a criminal enterprise under the aegis of the Los Angeles County Sheriff's Department throughout the Los Angeles County jail system.

53.    Defendant Roe and others approved of, ratified and encouraged all of the falsified reports in a conspiracy in order to engender the prosecution of Plaintiff in order to, *inter alia,* shield themselves from criminal and civil liability for violating the laws of the State of California and the United States of America and the civil rights of the Plaintiff, and to foster and nurture the endemic "code of

silence" that is used by the defendants, Baca, and other, senior LASD personnel, to operate a criminal enterprise under the aegis of the Los Angeles County Sheriff's Department throughout the Los Angeles County jail system.

54.    [Reserved]

55.    Despite the fact that the LASD, LACDA, the County of Los Angeles, Baca and others knew, prior to October 29, 2007, that the individual defendant deputies had on numerous occasions violated LASD rules, violated and deprived the rights of numerous arrestees and citizens by, *inter alia,* using excessive and unreasonable force against them, lying in police reports, committing perjury in preliminary examinations and other court proceedings, lying in other official documents, lying to superiors, lying to arrestees and citizens, concealing and suppressing exculpatory evidence, fabricating and planting evidence, the defendants turned a blind eye to this knowledge, failed to train the individual defendant deputies, and were complicit in and allowed the individual defendant deputies to further victimize numerous persons and to engage in all of the heinous practices listed in this paragraph and in this pleading, including, but not limited to, to lie, commit perjury, make false statements in official reports, lie to superiors and other deputies, and to function as a cancer within the LASD, and they failed to impose any meaningful discipline on the individual defendant deputies, covered up his severe depredations and other sadistic and depraved conduct, they failed to train him or to ensure that he followed LASD rules and policies, they allowed him to flagrantly and brazenly violate LASD policies, resulting in their creating a de facto policy approving, supporting, lending succor to, fostering and ratifying and acquiescing in the illegal and tortious conduct of the individual defendant deputies, resulting in the injuries suffered by the Plaintiff during the Incident and thereafter and his being maliciously prosecuted and imprisoned.

56.    Despite the fact that the LASD, LACDA, the County of Los Angeles, BACA and all other policymakers knew, prior to October 29, 2007, that the individual defendant deputies and other LASD deputies had on numerous

occasions violated LASD rules, violated and deprived the rights of numerous arrestees and citizens by, *inter alia,* using excessive and unreasonable force against them, lying in police reports, committing perjury in preliminary examinations and other court proceedings, lying in other official documents, lying to superiors, lying to arrestees and citizens, concealing and suppressing exculpatory evidence, fabricating and planting evidence, the defendants turned a blind eye to this knowledge, failed to train the individual defendant deputies and other deputies, and were complicit in and allowed the individual defendant deputies and other deputies to further victimize numerous persons and to engage in all of the heinous practices listed in this paragraph and in this pleading, including, but not limited to, to lie, commit perjury, make false statements in official reports, lie to superiors and other deputies, and they failed to impose any meaningful discipline on the individual defendant deputies and other deputies, covered up his severe depredations and other sadistic and depraved conduct, they failed to train him or to ensure that he followed LASD rules and policies, they allowed him to flagrantly and brazenly violate LASD policies, resulting in their creating a de facto policy approving, supporting, lending succor to, fostering and ratifying and acquiescing in the illegal and tortious conduct of the individual defendant deputies, resulting in the injuries suffered by the Plaintiff during the Incident and thereafter and his being maliciously prosecuted and imprisoned.

57.    The injuries suffered by Plaintiff, *e.g.,* being the object of the use of excessive and cruel and unusual force that was inflicted upon the Plaintiff maliciously and sadistically for the very purpose of causing harm and being maliciously prosecuted without probable cause, were caused in part by the longstanding LASD policy, practice and custom of having no available inmate grievance procedure in TTCF and of ignoring inmate complaints, as, despite having promulgated rules for the handling of inmate complaints, LASD deputies in TTCF -- with the knowledge, acquiescence and ratification of defendants County of Los Angeles, LASD, BACA, CAVANAUGH, BURNS, ALEXANDER YIM,

CONTE, Sammy L. Jones, Don Rodriguez, CAPT. ANTHONY WARD, MARC KLUGMAN, DETTA ROBERTS, Capt. Rod Penner and Dr. John H. Clark -- routinely and customarily ignored and squelched meaningful inmate complaints and destroyed the inmate complaint system and rendered unavailable any administrative remedies in TTCF by, *inter alia,* (1) refusing to provide inmate complaint forms to inmates who requested them, (2) informing inmate shot-callers, typically members of California prison-based gangs such as the Mexican Mafia, the Aryan Brotherhood and the Black Guerrilla Family, that an inmate had requested a complaint form and that the filing of any complaint would result in the deprivation of privileges such as television and telephones, which would result in inmate shot-callers intimidating inmates into not filing inmate complaints, (3) depriving entire modules of television and telephone privileges when an inmate files an inmate grievance form and notifying other inmates, including but not limited to inmate shot-callers, that the deprivation of inmate privileges such as television and telephone resulted from the filing of an inmate grievance by a particular inmate, which would result in reprisals against the inmate by other inmates, (4) throwing inmate complaint forms in the trash, (5) failing to respond to inmate complaints, preventing inmates from going through the appeal process for inmate complaints set forth in the written inmate complaint rules, and subsequently claiming that the inmate did not appeal the disposition of the inmate complaint, (6) using the Prison Litigation Reform Act [PLRA] to defeat valid inmate civil rights actions by falsely alleging that administrative remedies had not been exhausted.

58.    The injuries suffered by Plaintiff, *e.g.,* being the object of the use of excessive and cruel and unusual force that was inflicted upon the Plaintiff maliciously and sadistically for the very purpose of causing harm and being maliciously prosecuted without probable cause, were caused in part by the longstanding LASD policy, practice and custom of having no available inmate grievance procedure in TTCF and of ignoring inmate complaints, as, despite having promulgated rules for the handling of inmate complaints, LASD personnel

in TTCF responsible for reviewing inmate complaints, such as Sergeants, -- with the knowledge, acquiescence and ratification of defendants County of Los Angeles, LASD, BACA, CAVANAUGH, BURNS, ALEXANDER YIM, CONTE, Sammy L. Jones, Don Rodriguez, CAPT. ANTHONY WARD, MARC KLUGMAN, DETTA ROBERTS, Capt. Rod Penner and Dr. John H. Clark -- routinely and customarily ignored and squelched meaningful inmate complaints and destroyed the inmate complaint system by failing to review inmate complaints, failing to read inmate complaints, failing to investigate inmate complaints, acquiescing in, ratifying and approving of the practices described above, blindly labeling inmate grievances "unfounded", and, *inter alia,* failing to follow the terms of the published inmate grievance procedure.

59.    The injuries suffered by Plaintiff, *e.g*., being the object of the use of excessive and cruel and unusual force that was inflicted upon the Plaintiff maliciously and sadistically for the very purpose of causing harm and being maliciously prosecuted without probable cause, were caused in part by the longstanding LASD and County of Los Angeles policy, practice and custom (with the full knowledge of, acquiescence in, approval of and ratification of defendants BACA, CAVANAUGH, BURNS, ALEXANDER YIM, CONTE, Sammy L. Jones, Don Rodriguez, CAPT. ANTHONY WARD, MARC KLUGMAN, DETTA ROBERTS, Capt. Rod Penner and Dr. John H. Clark) of having no available inmate grievance procedure in TTCF and of ignoring inmate complaints and of attempting to and conspiring to use the sham published LASD inmate complaint grievance procedure as a method of escaping liability by raising the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq*., as a bar to the adjudication of legitimate inmate civil rights actions under Title 42, United States Code, Section 1983, despite their knowledge that the LASD inmate grievance procedure in TTCF and elsewhere was a sham, that LASD personnel in TTCF and elsewhere did not follow the terms of the written inmate grievance procedure, and that LASD personnel in TTCF and elsewhere actively conspired to and participated in

undermining the inmate grievance procedure by participating in, acquiescing in, ratifying and approving of the practices described *supra*.

60.    [Reserved]

61.    [Reserved]

62.    Defendants BACA AND ALL OTHER POLICYMAKERS and unknown named defendants were instrumental in fostering the code of silence and culture of fear and deprivation of constitutional rights on a systemic and institutional basis by performing the duty of whitewashing all internal affairs complaints and arrestee complaints of beatings of arrestees and like infractions perpetrated by LASD police officers and employees, and did so in this case.

63.    The Defendants and, possibly, other of the defendants furthered their conspiracy to deprive Plaintiff of his civil and human rights by meeting, talking, scheming, and combining by themselves and deciding that at least one of them would testify falsely under oath if necessary to keep the arrests and search under wraps.

64.    [Reserved]

65.    The defendants met alone with each other, and, possibly, with other, unknown named defendants, and combined, conversed, and planned amongst themselves and agreed, with knowledge that Plaintiff was deprived of his constitutional rights, to participate in the continued perpetration of the actions that resulted in the deprivation of the Plaintiff's constitutional rights, including, but not limited to agreeing to fabricate police reports, to make false statements to other police officers, to fabricate probable cause, to suppress exculpatory evidence, to commit perjury, and to present planted evidence having as their goal the conviction, punishment and imprisonment of Mr. Young, and there was the commission of an overt act in furtherance of the conspiracy or conspiracies, e.g., the suppression of exculpatory evidence and falsification of the police reports pertaining to the arrests and search authored by defendants, and approved by a supervisorial defendant.

66.     [Reserved]

67.     The illegal arrest/seizure of, use of excessive use of force against and malicious and sadistic, for the very purpose of causing harm, use of force against Plaintiff occurred, at least in part, because the LASD and its policymakers had/condoned/acquiesced in/was deliberately indifferent to the existence of a policy/implicit policy/practice/custom of using excessive force in arresting inmates, maintaining the code of silence in the context of crimes committed and enforcing their own code of silence within the LASD, and by failing to train police officers in the correct and lawful methods of arrest; Defendants County of Los Angeles and the LASD maintained and/or maintain a custom, policy or practice, and or tacitly approved a custom, policy or practice of acquiescing in/encouraging/fostering/being deliberately indifferent to/allowing/permitting and recklessly and/or intentionally engaging in illegal arrest and seizure without legal cause, justification or excuse, in the cruel and unusual use of excessive force against inmates, in the malicious and sadistic -- for the very purpose of causing harm -- use of excessive force against inmates.

68.     Plaintiff sustained damage to his body in the form of bruises, hematomas, scars, and damage to his psyche and his psychological and emotional health as a result of being arrested and mercilessly beaten by the deputies at the direction of and or with the knowledge and acquiescence of the other defendants.

69.     Plaintiff still suffers from the symptoms of the injuries inflicted upon them by the employees of the LASD.

70.     The supervisory defendants negligently and recklessly supervised the defendant police officers, negligently and recklessly hired and retained these employees employed by the LASD, negligently and recklessly supervised LASD employees, negligently and recklessly hired and retained persons for the positions of police officer and higher ranks, *e.g.,* Sergeant, who had contact with persons such as Plaintiff, negligently and recklessly supervised LASD employees who had contact with persons such as Plaintiff, negligently, recklessly and intentionally

failed to maintain a citizen grievance system, and negligently, recklessly and intentionally covered up, concealed and suppressed information revealing the unconstitutional policies, practices and customs maintained by the LASD.

71.    The defendants knew, or should have known, but for their reckless and/or intentional disregard of the facts and circumstances herein described, with substantial certainty that the conduct of the defendants in the INCIDENT would subject Plaintiff to severe emotional distress and would seriously and substantially harm Plaintiff, that defendants had power and control over Plaintiff, that Plaintiff was in a special relationship with the defendants, that Plaintiff was and is peculiarly susceptible to severe emotional distress, and defendants perpetrated the acts described in this complaint with the intent to inflict such harm and severe emotional distress upon Plaintiff and or acted in perpetrating the heinous, uncivil, atrocious, and indecent acts described herein, with the knowledge that such harm and severe emotional distress was substantially certain to befall Plaintiff as a result, or with reckless disregard for the substantial certainty that such harm would befall Plaintiff.

72.    The defendants combined, met separately, conversed, planned amongst themselves and, possibly, with other persons and unknown named defendants, and there was an agreement or understanding between or among such persons to engage in the conduct alleged herein to be wrongful, solely for the purpose of maliciously and sadistically, for the very purpose of causing harm, inflicting pain and suffering on Plaintiff, and there was the commission of an overt act in furtherance of said conspiracy.

73.    As a proximate result of the aforementioned acts and/or omissions of defendants, and each of them, Plaintiff suffered and continues to suffer from personal injuries, including but not limited to fear, inability to sleep, physical and emotional pain, torment, degradation, fear, humiliation, anguish, anxiety, embarrassment, and emotional distress, all proximately resulting in some

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 9040
310.776.8650

permanent impairment, disability and damage and he claims general damages for such physical and mental pain in an amount to be shown according to proof.

74.    As a result of the defendants' conduct, which was perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, and which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, including humiliation, fear, feelings of degradation and helplessness, sleeplessness, anguish, despair, fright, severe mental and emotional distress, depression, distrust, and embarrassment in violation of his federal constitutional rights and his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

75.    The defendants's conduct, described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptible, criminal,  miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and this conduct was directed at Plaintiff by defendants with the intent that it would harm Plaintiff and cause Plaintiff to suffer severe emotional distress and/or with reckless disregard of the probability of causing Plaintiff to suffer severe emotional distress; defendants knew that Plaintiff were peculiarly susceptible to extreme emotional distress because of his position of helplessness; defendants were in a special relationship with Plaintiff because they were in a position of power to take advantage of Plaintiff, as they did, increasing the extreme emotional distress inflicted upon Plaintiff.

76.    Plaintiff claims damages for personal injuries and emotional distress, including, but not limited to severe and extreme emotional distress, serious physical injury, mental anguish, shock, horror, grief, humiliation, frequent nightmares, sleeplessness, anger, embarrassment, chagrin, worry and nausea, and such emotional distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it, in an amount to be shown according to proof. It is alleged that some or all of Plaintiff's injuries are of a permanent nature.

77.    Plaintiff incurred additional expense and obligation for bail and legal services, in an amount to be shown according to proof, as a result of the aforesaid wrongful conduct of defendants and others currently unknown to him.

78.    Plaintiff claims punitive damages against each defendant, except for the governmental entity, for the purpose of punishing the defendants and deterring conduct of this type in the future.

79.    In furtherance of the conspiracies to deprive Plaintiff of his constitutional rights the defendants met with each other with other, unknown named defendants, and combined, conversed, and planned amongst themselves and with other persons, and unknown named defendants and agreed, with knowledge that Plaintiff were being deprived of his constitutional rights, and agreed to the continued perpetration of the actions that resulted in the deprivation of the Plaintiff's constitutional rights, and there was the commission of an overt act in furtherance of the conspiracy or conspiracies.

80.    As a proximate result of the aforesaid acts and omissions of defendants, and each of them, Plaintiff will in the future incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, in an amount to be proven at time of trial.

81.    The conduct perpetrated by defendants and the unknown named defendants - which shocks the conscience - was and is perpetrated wilfully, intentionally, oppressively, maliciously and sadistically and with evil design, with disregard for the rights of others and intent to harm and inflict pain and suffering and extreme emotional and mental distress on Plaintiff.

## COUNT ONE

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –

### FIRST/FOURTH/EIGHTH/FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983 - CIVIL

### CODE § 52.1

### Against all Defendants

82.     At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Eighth Amendment to be free from cruel and unusual punishment  and under Amendment I to freedom of speech were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

83.     The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish

Jeff Price, SBN 165534
1335 4th Street
Santa Monica, CA 9040
310.776.8650

and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT TWO

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –

### FIRST/FOURTH/EIGHTH/FOURTEENTH AMENDMENTS - CONSPIRACY - 42 U.S.C. § 1983 AND CIVIL CODE § 52.1

### Against all Los Angeles County Sheriff's Department Individual Defendants

84.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Eighth Amendment to be free from cruel and unusual punishment  and under Amendment I to freedom of speech were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment,  deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or

concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

85.     The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT THREE

### DEPRIVATION OF CONSTITUTIONAL RIGHTS - FIRST/FOURTH/EIGHTH/FOURTEENTH AMENDMENTS 42 U.S.C. § 1983 AND CIVIL CODE § 52.1

### Against all Los Angeles County Sheriff's Department Supervisorial Defendants

86.     At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 90401
310.776.8650

from unreasonable searches and seizures and excessive and unreasonable force, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

87.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT FOUR

### DEPRIVATION OF CONSTITUTIONAL RIGHTS -

### FIRST/FOURTH/EIGHTH/FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983 AND

### CIVIL CODE § 52.1 - *MONELL/MUNICIPAL LIABILITY*

### Against any and all *Monell* Defendants

88.     At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Eighth Amendment to be free from cruel and unusual punishment  and under Amendment I to freedom of speech were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment,  deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 9040
310.776.8650

purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

## COUNT FIVE

### DEPRIVATION OF CONSTITUTIONAL RIGHTS AND CONSPIRACY TO DEPRIVE CIVIL RIGHTS – FIRST/FOURTH/SIXTH/EIGHTH/FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983 AND CIVIL CODE § 52.1

### Against all Defendants

89.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Sixth Amendment to a fair trial, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech and to seek redress in court for grievances and under Amendment XIV to be free from malicious prosecution were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, and maliciously prosecuted Plaintiff deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident

to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

90.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT SIX

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –FIRST/FOURTH/SIXTH/EIGHTH AND FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983 AND CIVIL CODE § 52.1
### Against all Defendants

91.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Sixth Amendment to a fair trial, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech

and to seek redress in court for grievances and under Amendment XIV to be free from malicious prosecution were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, maliciously prosecuted Plaintiff, and used the LASD inmate grievance procedure, which existed at TTCF and elsewhere in name only, as a tool to deprive the Plaintiff and other inmates of their constitutional rights, conspired to deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

92.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason

thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT SEVEN

### DEPRIVATION OF CONSTITUTIONAL RIGHTS –

### FIRST/FOURTH/SIXTH/EIGHTH/FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983

### AND CIVIL CODE § 52.1 - *MONELL/MUNICIPAL LIABILITY*

### Against any and all *Monell* Defendants

93.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Sixth Amendment to a fair trial, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech and to seek redress in court for grievances and under Amendment XIV to be free from malicious prosecution were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, and maliciously prosecuted Plaintiff deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 9040
310.776.8650

arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

## COUNT EIGHT

### DEPRIVATION OF CONSTITUTIONAL RIGHTS - FIRST/FOURTH/SIXTH/EIGHTH/FOURTEENTH AMENDMENTS 42 U.S.C. § 1983 AND CIVIL CODE § 52.1

### Against all Los Angeles County Sheriff's Department Supervisorial Defendants

94.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Sixth Amendment to a fair trial, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech and to seek redress in court for grievances and under Amendment XIV to be free from malicious prosecution were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, and maliciously prosecuted Plaintiff, deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff

of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

95.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT NINE

### DEPRIVATION OF CONSTITUTIONAL RIGHTS – FIRST/FOURTH/SIXTH/EIGHTH AND FOURTEENTH AMENDMENTS - 42 U.S.C. § 1983 AND CIVIL CODE § 52.1

### *MONELL/MUNICIPAL LIABILITY*

### Against any and all *Monell* Defendants

96.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and

under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech and the equal protection of the laws and under Amendment IV to be free from unreasonable searches and seizures and excessive and unreasonable force, under the Sixth Amendment to a fair trial, under the Eighth Amendment to be free from cruel and unusual punishment and under Amendment I to freedom of speech and to seek redress in court for grievances and  under Amendment XIV to be free from malicious prosecution were in force and effect and the individual defendants who engaged in conduct, as set forth above, who seized and subjected Plaintiff to illegal arrest and unlawful seizure, to the use of excessive force, and to cruel and unusual punishment, maliciously prosecuted Plaintiff, caused the aforementioned deprivations of the constitutional rights of the Plaintiff by perverting and destroying the LASD inmate grievance procedure at TTCF and jail-wide, by failing to have an inmate grievance procedure at TTCF and jail-wide, by propping up the sham LASD inmate grievance procedure at TTCF and jail-wide, and, *inter alia,* by using the LASD inmate grievance procedure, which was an inmate grievance procedure in name only, as an implement to deprive inmates of their constitutional rights, deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the

"code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

97.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT TEN

### DEPRIVATION OF CONSTITUTIONAL RIGHTS – CIVIL CODE § 52.1
### Against all Defendants

98.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment V and XIV to the United States Constitution to due process of law and under the California Constitution to due process and to be free from unreasonable search, seizure and force and cruel and unusual punishment and to freedom of speech were in force and effect and the individual defendants who engaged in conduct, as set forth above, who subjected plaintiff to threats, intimidation, and punishment because of his race, his exercise of his freedom of speech and his mental illness, and who deprived Plaintiff of the due process of the law by perpetrating all of the acts described herein, deprived Plaintiff of his constitutional rights, which violated those rights, violated the fourteenth amendment to the United States Constitution and his rights under the California Constitution and Civil Code §52.1, and did conspire to deprive Plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and

permanent injuries to Plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal seizure of and use of force against Plaintiff and the illegal prosecution of the Plaintiff, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal arrest of Plaintiff and the illegal prosecution of the Plaintiff, and by agreeing to confuse, cloud and falsify facts pertaining to the assault of the Plaintiff in order to cover up the deprivation of Plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to Plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

81.    The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights. By reason thereof, Plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

## COUNT ELEVEN

### MEDICAL NEGLIGENCE

### Against all Defendants

114.    Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

115.    The LASD deputies, Sergeants, supervisors, and all policymakers including the Sheriff are negligent in their handling of the medical treatment for the plaintiff by: (1) returning plaintiff to jail on October 29, 2007, (2) failing to provide plaintiff medical attention during the time period prior to the surgery on or

about November 6, 2007, (3) keeping plaintiff in conditions inappropriate for someone who was injured as plaintiff was injured prior to and after the surgery, (4) failing to provide plaintiff with proper medication prior to and after the surgery, (5) failing to perform the surgery in a competent manner, including, but not limited to, failing to perform proper plastic surgery on plaintiff, failing to correct plaintiff's vision, and failing to correct the condition that results in plaintiff suffering from severe headaches.

## COUNTS TWELVE-SIXTEEN

### BATTERY [12], ASSAULT [13], FALSE IMPRISONMENT [14], INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [15], DEPRIVATION OF RIGHTS UNDER CIVIL CODE § 52.1 [16]

### Against all Defendants

116.   Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

117.   For battery, assault, false imprisonment, negligence, intentional infliction of emotional distress of a mentally ill person, and deprivation of constitutional rights under Civil Code § 52.1, plaintiff seeks special and general damages, including punitive damages, within the jurisdiction of the superior court, as the conduct of the defendants was done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress Plaintiff because of his assertion of his constitutional rights and to cause his injury and loss of his rights and was so despicable, vile, and depraved that it would be despised by ordinary people.

99.   Because of the negligent and reckless conduct of the defendants, and all of them, the plaintiff, a mentally ill person, was not properly diagnosed, and was punished for being mentally ill, and, subsequently and resultantly, was charged with a disciplinary violation, was placed in disciplinary segregation and was found guilty of a disciplinary violation and was found guilty of a disciplinary

JEFF PRICE, SBN 165534
1335 4TH STREET
SANTA MONICA, CA 9040
310.776.8650

violation and punished, all in violation of the constitution of the State of California and the Unruh Act and Civil Code § 52.1.

100.   Further, these consequences befell the plaintiff because the County of Los Angeles, the Los Angeles County Sheriff's Department, Sheriff BACA and all other Policymakers, and the Board of Supervisors have a policy, custom and practice of failing to properly care for mentally ill arrestees, failing to diagnose mentally ill arrestees, failing to provide needed medication to mentally ill arrestees, deliberately ignoring mentally ill arrestees, deliberately ignoring the fact that certain arrestees are mentally ill, permitting employees and rogue deputies and inmates to prey upon mentally ill arrestees by abusing them, taunting them, terrorizing them, assaulting them, harming them, joking about them, isolating them, using them as objects of derision and depravity, causing and acquiescing in mentally ill inmates to become more ill, causing and acquiescing in mentally ill inmates to not get treatment, and generally, failing to provide adequate and reasonable medical care to inmates, and, specifically, mentally ill inmates.

101.   The defendants, including the unknown named defendants, failed to provide the plaintiff with any medication for plaintiff's mental illness.

102.   The defendants, including the unknown named defendants, failed to provide the plaintiff with the proper medication for plaintiff's mental illness.

103.   The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was mentally ill.

104.   The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was mentally ill, and failed to conduct proper screening to determine the extent or type of the plaintiff's mental illness.

105.   The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was ill, and failed to conduct proper screening to determine the extent or type of the plaintiff's illness.

106.   The defendants, including the unknown named defendants and John Doe, ignored the entreaties of the plaintiff that he be provided with medication and medical care.

## COUNT SEVENTEEN

### NEGLIGENCE

## Against all Defendants

116.   Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

117.   For negligence plaintiff seeks special and general damages, within the jurisdiction of the superior court, as the conduct of the defendants, who owed a duty to plaintiff to protect him from harm and to not harm him, fell below the standard of care, as a result of which plaintiff suffered harm.

107.   Because of the negligent and reckless conduct of the defendants, and all of them, the plaintiff, a mentally ill person, was not properly diagnosed, and was punished for being mentally ill, and, subsequently and resultantly, was charged with a disciplinary violation, was placed in disciplinary segregation and was found guilty of a disciplinary violation and was found guilty of a disciplinary violation and punished, all in violation of the constitution of the State of California and the Unruh Act and Civil Code § 52.1.

108.   Further, these consequences befell the plaintiff because the County of Los Angeles, the Los Angeles County Sheriff's Department, Sheriff BACA and all other Policymakers, and the Board of Supervisors have a policy, custom and practice of failing to properly care for mentally ill arrestees, failing to diagnose mentally ill arrestees, failing to provide needed medication to mentally ill arrestees, deliberately ignoring mentally ill arrestees, deliberately ignoring the fact that certain arrestees are mentally ill, permitting employees and rogue deputies and inmates to prey upon mentally ill arrestees by abusing them, taunting them, terrorizing them, assaulting them, harming them, joking about them, isolating them, using them as objects of derision and depravity, causing and acquiescing in

mentally ill inmates to become more ill, causing and acquiescing in mentally ill inmates to not get treatment, and generally, failing to provide adequate and reasonable medical care to inmates, and, specifically, mentally ill inmates.

109.    The defendants, including the unknown named defendants, failed to provide the plaintiff with any medication for plaintiff's mental illness.

110.    The defendants, including the unknown named defendants, failed to provide the plaintiff with the proper medication for plaintiff's mental illness.

111.    The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was mentally ill.

112.    The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was mentally ill, and failed to conduct proper screening to determine the extent or type of the plaintiff's mental illness.

113.    The defendants, including the unknown named defendants and John Doe, ignored the many indications that the plaintiff was ill, and failed to conduct proper screening to determine the extent or type of the plaintiff's illness.

114.    The defendants, including the unknown named defendants and John Doe, ignored the entreaties of the plaintiff that he be provided with medication and medical care.

## COUNT EIGHT

### DEPRIVATION OF CONSTITUTIONAL RIGHTS – FOURTEENTH AMENDMENT - 42 U.S.C. § 1983 AND 42 U.S.C. § 1985

### Against all Defendants

115.    At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under Amendment XIV to the United States Constitution to due process of law were in force and effect and the individual defendants who engaged in conduct, as set forth above, who conducted an illegal seizure, beating and punishment of plaintiff, who was a pretrial detainee, and who did so because of a discriminatory animus against

plaintiff because he is African-American and mentally ill, which violated those rights, violated the fourteenth amendment to the United States Constitution and 42 U.S.C. § 1985, and  and did conspire to deprive plaintiff of his rights and to cover up the aforesaid constitutional deprivations which proximately caused the severe and permanent injuries to plaintiff, by attempting to fabricate and by fabricating alleged facts to conceal their involvement in the illegal search, by suppressing and or concealing evidence, by agreeing to maintain a code of silence about the incident to obfuscate the truth and hinder the discovery of the truth surrounding the illegal search, and by agreeing to confuse, cloud and falsify facts pertaining to the search in order to cover up the deprivation of plaintiff's constitutional rights. The conspiracy was furthered by toleration of the "code of silence" whereby one or more conspirators purport(s) not to have perceived what occurred to plaintiff (or statements and admissions detrimental to defendants) or misrepresents the occurrence to favor an accused law enforcement officer.

116.   The aforementioned acts of the defendants, and each of them, except the municipalities, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants. Said acts of the individual defendants and each of them were done knowingly, wilfully, and maliciously, and with the intent to vex, annoy, harass and oppress plaintiff because of her assertion of her constitutional rights and to cause her injury and loss of her rights. By reason thereof, plaintiff requests that said defendants each be required to pay damages in an amount sufficient to deter others from these acts.

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment against these defendants, and each of them, as follows:

1.    For special or economic damages according to proof;

2.    For general or noneconomic damages according to proof;

3.    For punitive damages;

4.    For declaratory relief;

5.    For injunctive relief;

6.    For reasonable attorney fees pursuant to Civil Code § 52.1 and 42 U.S.C. § 1988;

7.    For plaintiff's costs of suit herein;

8.    For such other and further relief as this Court deems just.

Dated: December __4__, 2008

_____/s/_____
Jeff Price
Attorney for Plaintiff


## DEMAND FOR JURY

The plaintiff demands trial by jury of all issues.

_____/s/_____
Jeff Price, Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV08- 8002 SVW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Jeff Price  SBN 165534
1335 4th Street
Santa Monica, California 90401
T 310-776-8650
E jeff.price@mac.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DANIEL POLLOCK,

PLAINTIFF(S)

v.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, LEE BACA, MARVIN O. CAVANAUGH, DENNIS H. BURNS, ALEXANDER YIM, DENNIS A. CONTE, SAMMY L. JONES, DON RODRIGUEZ, CAPT. ANTHONY WARD, DETTA ROBERTS, MARC KLUGMAN, DR. JOHN H. CLARK, CAPT. ROD PENNER, KENNETH J. BRAZILE, JOHN DOE and TEN UNKNOWN NAMED DEFENDANTS, inclusive,

DEFENDANT(S).

CASE NUMBER

**CV08-08002 SVW (SSx)**

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jeff Price_____, whose address is _1335 4th Street, Santa Monica, CA 90401_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC – 4 2008_____

By: **LA'REE HORN**  _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1192

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DANIEL POLLOCK | LOS ANGELES COUNTY SHERIFFS DEPARTMENT ET AL. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jeff Price  SBN 165534<br>1335 4th Street<br>Santa Monica, CA 90401; (310) 776-8650 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. SEC. 1983

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Vacate Sentence | ☐ 720 Labor/Mgmt. |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Habeas Corpus | Relations |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | Reporting & |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted | ☐ 345 Marine Product | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 810 Selective Service | Student Loan (Excl. Veterans) | Liability | ☐ 423 Withdrawal 28 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of | ☐ 350 Motor Vehicle | USC 157 | ☐ 610 Agriculture | Security Act |
| ☐ 875 Customer Challenge 12 USC 3410 | Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related | ☐ 820 Copyrights |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury- | ☐ 442 Employment | Seizure of | ☐ 830 Patent |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | Med Malpractice | ☐ 443 Housing/Acco- mmodations | Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product | ☐ 445 American with Disabilities - | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | Liability | Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV08-08002

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____          Date DECEMBER 4, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 2 of 2